JAMES T. TOMPKINS' ADM'X, ET AL., *v.* SOUTHERN BAPTIST THEOLOGICAL SEMINARY.

**Contract.**
>       The failure to complete the formal evidence of a contract by reducing it into the form of notes does not effect its validity or render it incomplete.

**Facts Constituting Contract.**
>       Where a person in answer to a request to subscribe said, "I have concluded to subscribe $1,000," and refers to the circular for the terms upon which he made the subscription, and the circular specified the instalments and the time for the payment of each, and also stated that notes would be taken for the several instalments, and when he said, "you can call upon me at any time for my signature," it was held that the contract was complete.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 23, 1880.

OPINION BY JUDGE COFER:

The letter of Mr. Tompkins was in answer to a request to subscribe. In it he says: "I have concluded to subscribe $1,000," and refers to the circular for the terms upon which he made the subscription. The circular specified the installments and the time for the payment of each, and also stated that notes would be taken for the several installments; and when he said, "You can call upon me at any time for my signature," he no doubt referred to the notes for the installments.

The letter and the circular referred to in it contained all the stipulations necessary to a valid contract. There is nothing in the language of the letter to indicate that he reserved or intended to reserve any right to withhold the subscription, or that his purpose was to signify willingness to make the subscription at some future time. "I have concluded to subscribe," when considered in connection with the closing sentence of the letter, clearly indicates that he understood he was then subscribing, and that nothing remained to be done but to execute notes according to the terms proposed in the circular.

The case is unlike any of those cited in the brief, all of which have been considered. The case apparently most relied upon (*Allen v. Roberts,* 2 Bibb 98) was decided on the ground that the letter was intended only to give information that the land was for sale, of the price and payments which would be required, and the time when the writer would be in the county. No time for payment was indicated in the letter, the land was not described, and the closing sentence showed that the writer looked to further negotiations when he should visit the county. If he had said, "I shall be down in your county this fall without fail, and will then make you a deed," or "You may then call upon me for a deed," the case would have been more like the case at bar.

If Mr. Tompkins had meant merely that he was inclined to subscribe, or that he thought he would do so, we cannot suppose he would have used the language found in his letter. In that case it would have been unnecessary to indicate the terms upon which he proposed to subscribe, and the statement in the last sentence would not only be out of place, but positively unmeaning.

If he intended that the question of his subscription should remain open, why say: "You can call upon me at any time for my signature"? According to the views of counsel he meant to say: "You can call upon me at any time and I will decide whether I will give you my signature."

The letter shows that question was already decided, and, as held in *Bell v. Offutt,* 10 Bush 632, the failure to complete the formed evidence of the contract by reducing it into the form of notes does not affect its validity or render it incomplete.

Judgment *affirmed.*

*Barrett & Brown, John Marshall, for appellants.*

*Edwards & Seymour, for appellee.*